IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REDDITT ALEXANDER, AND
IDA LEE ALEXANDER                                                                                            PLAINTIFFS

v.                                                                      CIVIL ACTION NO. 1:07cv1056-HSO-JMR

COUNTRYWIDE HOME LOANS, INC., and JOHN DOES 1-10              DEFENDANTS

### COUNTRYWIDE HOME LOAN, INC.'S
### MOTION TO EXCLUDE EXPERT TESTIMONY

COMES NOW Defendant, COUNTRYWIDE HOME LOANS, INC. ("Countrywide"), and files this its *Motion to Exclude Expert Testimony,* (the "Motion") and in support thereof, would show unto the Court the following, to wit:

1.      Pursuant to FED. R. CIV. P. 26(a)(2), Plaintiffs, Redditt Alexander and Ida Lee Alexander (the "Alexanders" or the "Plaintiffs") have designated Joseph R. Petrucelli, CPA, FCPA, of PP&D Accounting Services, Inc., ("Mr. Petrucelli") as an expert in this case to testify concerning Countrywide's duties regarding flood insurance related to the Alexaners' loan with the Secretary of the Department of Veterans Affairs ("VA").  He has also been designated as an expert in the application of a wind insurance policy proceeds post Hurricane Katrina in connection with the same loan to the Alexanders from the VA.  Countrywide acted as the loan servicer for the VA and for the current holder of the Alexanders' Deed of Trust.

2.      Mr. Petrucelli is a licensed CPA in the State of New Jersey who also holds a mortgage banker license from the State of New Jersey.  Mr. Petrucelli works part time as an accountant and part time as an employee of a mortgage lending business.  He has never been employed as a loan or mortgage servicer and he has never taught any courses related to the servicing of loans at a college or other school.  He is not a lawyer and he has no legal education.

3.      Mr. Petrucelli has no knowledge, skill, experience, training, or education with regard to lending servicing practices. He has never dealt with loan servicing issues such as the lapse of flood insurance nor has he exhibited any special knowledge related to the mandatory placement of flood insurance.

4.      Mr. Petrucelli's opinions are based on a very limited investigation which omitted significant relevant facts.  His opinions are also based on the incorrect assumption that Countrywide received a notice from the VA that the Plaintiffs' property was located in a Special Flood Hazard Area.

5.      Mr. Petrucelli's opinions related to the application of insurance proceeds to the Alexanders' loan by Countrywide are also flawed as said opinions are based on incorrect provisions in the Plaintiffs' Deed of Trust.  His opinions on this topic disregard other relevant facts, such as Mr. Alexander's bankruptcy and the Alexanders wishes to rebuild after the storm.

6.      Mr. Petrucelli is not qualified to testify regarding servicing practices, the lapse of flood insurance or the mandatory placement of flood insurance. He has no training or experience with the interpretation of legal documents, such as the Alexanders' Deed of Trust.  By failing to consider many relevant facts, Mr. Petrucelli's opinions will not be helpful to the trier of fact in this case.  Mr. Petrucelli's testimony is unreliable under the Federal Rules of Evidence, and he should not be allowed to testify at the trial of this matter.

7.      In support of the Motion, Countrywide relies upon its Memorandum brief which is being filed simultaneously herewith and which is hereby incorporated by reference as though fully set forth herein, as well as the following attached Exhibits:

Exhibit "A" - Deposition Excerpts and certain Exhibits of the Deposition of Joseph R. Petrucelli;

Exhibit "B" - Deposition Excerpts of the Deposition of Ida Lee Alexander.

WHEREFORE, PREMISES CONSIDERED, Countrywide respectfully requests that this Court grant its Motion to Exclude all testimony of Joseph R. Petrucelli sought to be admitted by the Plaintiffs as his purported opinions are not based on relevant facts nor are his opinions based on any recognized scientific, technical, or other specialized knowledge; and Countrywide prays for general relief.

THIS, the 23rd day of January, 2009.

>Respectfully submitted,
>
>**COUNTRYWIDE HOME LOANS, INC.**
>Defendant
>
>By:   s/ G. Dewey Hembree, III
>           One of its Attorneys

OF COUNSEL:

G. Dewey Hembree  (MSB No. 2247)
John T. Rouse  (MSB No. 101586)
**MCGLINCHEY STAFFORD, PLLC**
Suite 1100, City Centre South
200 South Lamar Street (Zip – 39201)
Post Office Box 22949
Jackson, MS  39225-2949
(601) 960-8400
(601) 960-8431 (fax)
ghembree@mcglinchey.com; jrouse@mcglinchey.com

## CERTIFICATE OF SERVICE

I, the undersigned G. Dewey Hembree, III, McGlinchey Stafford PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

**Margaret Parish Ellis -** kandepasms@aol.com tmitchell@kandelaw.com

**C. Edward Gibson, IV -** egibson@hsglawfirm.net twise@hsglawfirm.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant(s):

NONE.

THIS, the 23rd day of January, 2009.

s/ G. Dewey Hembree, III
G. Dewey Hembree, III

239570.3